**In the Matter of Melvin TAKS and Blanche Taks, Bankrupts.**

**Samy BOTTON, Plaintiff,**

**v.**

**Melvin TAKS and Blanche Taks, and William R. Roemelmeyer, Trustee, Defendants.**

**Bankruptcy No. 79–973–BK–JAG–B. Adversary File No. 1.**

United States Bankruptcy Court, S. D. Florida.

Jan. 3, 1980.

Neil J. Berman, Miami, Fla., for trustee.

Arthur S. Weitzner, Miami, Fla., for plaintiff.

Louis A. Supraski, Miami, Fla., for bankrupts.

**136**

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks relief from the automatic stay in order that he may proceed to enforce his mortgage lien against the bankrupts. (C.P. No. 1) The trustee has answered that he claims no interest in the mortgaged property and consents to the relief sought by the plaintiff. (C.P. No. 6) The bankrupts filed no answer but appeared, through counsel, at trial. The matter was tried before me on January 3, 1980. This order is a memorandum of decision under B.R. 752(a).

The material facts are undisputed. Plaintiff holds a valid mortgage lien under an instrument dated December 12, 1975, on the bankrupts' home described in paragraph 2 of the complaint. The debt was in default before bankruptcy and plaintiff had filed a foreclosure action in the State court in 1977. Prosecution of that action was automatically stayed by B.R. 601 and plaintiff seeks relief from that stay under the provisions of B.R. 601(c).

The property in question was claimed as a homestead by the bankrupts and was set apart by the trustee. There is at least one other superior lien against the property and the bankrupts owe approximately $17,000 to the plaintiff.

The bankrupts do not dispute any of the foregoing facts, but seek continuation of the automatic stay on the ground that plaintiff's loan to them was for the purchase of merchandise for the business then owned and operated by the bankrupt husband. That business failed and prompted defendants' bankruptcy. These circumstances do not constitute a lawful basis to continue the automatic injunction against lien enforcement imposed by B.R. 601. The purpose of the automatic stay is to preserve any right or asset for the benefit of other creditors, not for the protection of the bankrupt. In this instance, there is no right or interest available to other creditors and, therefore, no lawful basis for continuation of the stay. Plaintiff is entitled to the relief he seeks.

As is required by B.R. 921(a), a separate judgment will be entered vacating the automatic stay insofar as the plaintiff is concerned in order that he may proceed with his mortgage lien foreclosure proceeding presently pending in the State court. This judgment does not, of course, extinguish or diminish defendants' pleaded defenses in that State court action. Costs, if any, in this proceeding may be taxed on motion.